**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| OMAR HERNANDEZ,<br>      Petitioner,<br>v.<br>DORA B. SCHRIRO, et al.,<br>      Respondents. | CIV 07-01712 PHX DGC (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE DAVID G. CAMPBELL:**

On August 30, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 9) on October 29, 2007. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Petitioner filed a response to the answer to his habeas petition on November 28, 2007. See Docket No. 10.

**I Procedural History**

On April 9, 2003, after a two-day trial, a jury found Petitioner guilty of armed robbery and also found the crime was a dangerous offense. Answer, Exh. A. On May 16, 2003, Petitioner was sentenced to an aggravated term of eleven and

1 one-half years imprisonment pursuant to this conviction, to be
2 served consecutively to a sentence he was then serving in the
3 state of Nevada. Id., Exh. B.[1]

4 Petitioner took a direct appeal of his conviction and
5 sentence for armed robbery. Petitioner's appointed appellate
6 counsel filed a brief pursuant to Anders v. California, averring
7 that he could find no legitimate claim to raise on Petitioner's
8 behalf and noting Petitioner wished to raise the issue that his
9 sentence was too harsh. Id., Exh. C. In a decision issued
10 February 26, 2004, the Arizona Court of Appeals affirmed
11 Petitioner's conviction and sentence. Id., Exh. D. Petitioner
12 did not seek review of this decision by the Arizona Supreme
13 Court.

14 Petitioner filed a timely notice of post-conviction
15 relief in the Maricopa County Superior Court. Id., Exh. E.
16 Petitioner's appointed post-conviction counsel filed notice he
17 could find no good-faith claim to raise on Petitioner's behalf.
18 Id., Exh. E. In a decision issued October 5, 2004, the Arizona
19 Superior Court allowed Petitioner 45 days to file a *pro se*
20 petition for post-conviction relief. Id., Exh. E. After
21 Petitioner failed to file a *pro se* petition for post-conviction
22 relief, but instead filed another notice of post-conviction
23 relief, the Arizona trial court dismissed the first Rule 32
24 action in a decision filed January 3, 2005. Id., Exh. F.

---

[1] In his federal habeas petition Petitioner states he is serving a 240 month sentence imposed by a Nevada state court on June 27, 2002.

-2-

Petitioner filed a second action for post-conviction relief on February 9, 2005, asserting his inability to understand English kept him from presenting his claims in his first action for post-conviction relief. Id., Exh. H. Petitioner filed a third action for post-conviction relief on July 6, 2005, again asserting his language abilities as cause for his failure to previously raise his claims, and a fourth petition on December 29, 2006, and a fifth action for state post-conviction relief on February 20, 2007. Id., Exhs. G-J. In his fourth action for post-conviction relief Petitioner asserted he was entitled to a new trial because he did not have an interpreter at his trial. Id., Exh. I. In denying relief, the Arizona court noted Petitioner did have an interpreter at his trial. Id., Exh. I. See also id., Exh. A. All of these actions for state post-conviction relief were dismissed as not timely filed and because Petitioner had stated no exception to the timeliness rule. See id., Exhs. G-J.

In his fifth action for post-conviction relief, Petitioner asserted he was entitled to relief because there was insufficient evidence to support his conviction and because the trial court erroneously admitted evidence. Id., Exh. J. Petitioner also asserted a finding of criminal liability based on his accomplice status was unconstitutional. Id., Exh. J. The Arizona Superior Court found these claims were precluded by Petitioner's failure to raise the claims in his direct appeal. Id., Exh. J. Petitioner also raised a Blakely claim, which the trial court noted was not applicable to Petitioner's case, which

-3-

became final prior to the date <u>Blakely</u> was issued by the Supreme Court. <u>Id.</u>, Exh. J.

On August 30, 2007, Petitioner filed his petition for federal habeas corpus relief. Petitioner asserts he is entitled to federal habeas relief because "[t]he introduction at trial of an identification obtained in violation of [his] constitutional rights..." Petitioner at 6. Petitioner also alleges he was denied his right to the effective assistance of trial and post-conviction counsel. <u>Id.</u> at 7. Additionally, Petitioner alleges he is entitled to habeas relief because the prosecution failed to provide the defense with exculpatory evidence. <u>Id.</u> at 8. Petitioner further maintains the prosecution proffered perjured testimony at his trial. <u>Id.</u> at 9. Petitioner asserts he did not exhaust any of these claims in the state courts because he is not learned in the law and because he does not write or speak English. <u>Id.</u>

**II Analysis**

**The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on prisoners seeking federal habeas relief from their state convictions. <u>See Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002). The statute of limitations begins to run on the date on which the petitioner's conviction becomes "final," or on "the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C.A. § 2244(d)(1)(A)-(B) (1994 & Supp. 2007). See also Lott, 304 F.3d at 920. The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(1994 & Supp. 2007); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in his direct appeal in a decision issued February 26, 2004. Petitioner did not seek review of this decision by the Arizona Supreme Court or the United States Supreme Court. Accordingly, the AEDPA statute of limitations began to run on or about March 25, 2004, when Petitioner's opportunity to petition the Arizona Supreme Court for review had expired. See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2007) (stating that a judgment becomes final either at the conclusion of direct review or the expiration of the time for seeking such review); Ariz. R. Crim. P. 31.19(a)(stating that a defendant has thirty days after the filing of a decision to file a petition for review by the Arizona Supreme Court). See also Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006), cert. denied sub nom., Belleque v. Kephart, 127 S. Ct. 1880 (2007); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006); Foreman v. Dretke,

383 F.3d 336, 338 (5th Cir. 2004).[2] Petitioner had one year from that date, i.e., until March 25, 2005, to seek federal habeas relief, absent any statutory tolling of the statute of limitations pursuant to a pending state action for post-conviction relief. See, e.g., Brambles v. Duncan, 412 F.3d 1066, 1069 (9th Cir.), cert. denied, 126 S. Ct. 485 (2005).

It is unclear when Petitioner filed his first notice of post-conviction relief, but it was pending at least by October of 2004. Accordingly, allowing Petitioner the broadest possible latitude in calculating the running of the statute of limitations, the Court will conclude that Petitioner's first action for post-conviction relief was pending when the statute of limitations began to run. Pursuant to this assumption, the statute of limitations was tolled at least until January 3, 2005, when the Arizona Superior Court dismissed Petitioner's first Rule 32 action. Petitioner had thirty days to seek review

---

[2] Because Petitioner could not seek certiorari without first presenting his direct appeal to the Arizona Supreme Court, Petitioner's conviction was "final" without allowing for the time period during which he could otherwise have sought certiorari. See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004); Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1273 n. 5 (D. Haw. 1999). With regard to this conclusion, the undersigned is persuaded by the reasoning of an unpublished opinion issued by the United States District Court for the District of Arizona:
> [C]ertiorari review with the U.S. Supreme Court may only be sought following a decision or denial of discretionary review by the state court of last resort, i.e. the Arizona Supreme Court. [ ] Accordingly, the time for seeking a writ of certiorari with the U.S. Supreme Court cannot be considered in determining when Petitioner's judgment became final when review by the state court of last resort was not sought....

Gutierrez v. McDaniel, 2006 WL 3449098, at *4.

of this decision by the Arizona Court of Appeals, even though he did not seek review, and, therefore, the statute of limitations on his federal habeas action was further statutorily tolled until February 3, 2005. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding).

The one-year statute of limitations then ran from February 4, 2005, and expired on February 4, 2006, and Petitioner's federal habeas action, filed August 30, 2007, more than six months after the statute of limitations expired, was not timely filed.

Although Petitioner filed second, third, fourth, and fifth actions for post-conviction relief in the Arizona state courts, these actions were not timely filed and, accordingly, they did not toll the applicable statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S. Ct. 1807, 1815 (2005) (holding a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, that the petitioner is not entitled to statutory tolling). Additionally, any action for post-conviction relief

-7-

filed after February 4, 2006, could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). See also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that, where the petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended ... [t]hat delay resulted in an absolute time bar to refiling...").

The Supreme Court recently concluded section 2254 petitioners are not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute. See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[3] But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling). Bowles was decided four months after Lawrence and is more directly on point

---

[3] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent. See Bowles, 127 S. Ct. at 2365-66.

and, accordingly, the undersigned concludes that <u>Bowles</u> controls the issue of whether a section 2254 is entitled to equitable tolling of the statute of limitations stated in the AEDPA.

### III  Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA.  Petitioner is not, pursuant to a recent Supreme Court holding, entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Hernandez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>,

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 18th day of December, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-10-