**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Hernandez,<br><br>    Petitioner,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Respondents. | No. CV-07-1712-PHX-DGC (MEA)<br><br>**ORDER** |

Pending before the Court are a *pro se* petition for a writ of habeas corpus filed by Omar Hernandez, a state prisoner, and a Report and Recommendation ("R&R") issued by United States Magistrate Judge Mark E. Aspey. Dkt. ##1, 12. The R&R recommends the petition be denied as untimely. Dkt. #12. For the reasons set forth below, the Court will refer the case back to Judge Aspey for further consideration.

**I.**     **The R&R and the Objection.**

As stated in the R&R, a state prisoner has one year to file a federal habeas corpus petition after his or her state conviction is final. Dkt. #12 (citing 28 U.S.C. § 2244(d)(1)(A)). Following the Arizona Court of Appeals' affirmation of Petitioner's conviction and sentence on February 26, 2004, and the expiration of Petitioner's thirty-day period to appeal to the Arizona Supreme Court, Petitioner's state conviction became final on March 27, 2004. *Id.* The one-year statute of limitations to file a petition for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act ("AEDPA") began to run on March 28, 2004.

*Id.* Petitioner therefore had until March 28, 2005 to file a federal petition for a writ of habeas corpus. *Id.*

Given the benefit of the doubt, Petitioner filed his first notice of post-conviction relief on October 8, 2004. *Id.*; *see State v. Hernandez*, No. CR 2002-002863 (Ariz. Super. Ct. Oct. 8, 2004). As of that date, 194 days of the limitations period had expired and 171 days remained. *See* Dkt. #12.. The filing of a state action for post-conviction relief tolls the statute of limitations for federal habeas relief. *Id.* Accordingly, the running of the statute of limitations was tolled from October 8, 2004 to January 5, 2005, when the state trial court dismissed Petitioner's request for post-conviction relief. *Id.* The statute of limitations was further tolled until February 4, 2005, when Petitioner's thirty-day period to appeal expired. *Id.* The statute of limitations began to run again on February 5, 2005, and expired 171 days later on July 25, 2005. *Id.*[1]

Petitioner filed additional state actions for post-conviction relief, but all were dismissed as untimely. *Id.* Untimely actions do not further toll the statute of limitations. *Id.* Thus, these actions for post-conviction relief did not change the July 25, 2005 expiration of the statute of limitations under the AEDPA. *Id.*

On August 30, 2007, more than two years after the statute of limitations had expired, Petitioner filed the present federal petition. *Id.* Petitioner asserts he is entitled to equitable tolling of the statute of limitations because his inability to write or speak English prevented him from pursuing claims in state court. *Id.* Judge Aspey held that Petitioner is not entitled to equitable tolling under the Supreme Court's recent holding in *Bowles v. Russell*, 127 S. Ct. 2360 (2007).

A party may file specific, written objections to an R&R within ten days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific

---

[1]The R&R concluded the statute of limitations ran until February 4, 2006, but given the time that ran before Petitioner filed his state action for post-conviction relief, Petitioner's 365 days expired on July 25, 2005.

objections are made.  *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  On December 27, 2007, Petitioner filed an objection to the R&R conceding that he has not met the time requirements for a federal habeas petition, but asking the Court in the interest of justice to review his case and consider his claims.  Dkt. #13 at 2-5.

**II.     Discussion.**

Petitioner essentially asks the Court to equitably toll the statute of limitations.  The R&R concluded that the doctrine of equitable tolling was no longer applicable under AEDPA in light of the *Bowles* decision.  In *Bowles*, the Supreme Court held that the time limit for filing a notice of appeal is a jurisdictional requirement and not subject to equitable tolling.  *Bowles*, 127 S. Ct. at 2366.  At least one court of appeals has held, however, that *Bowles* does not apply to the AEDPA.  *Diaz v. Kelly*, No. 01-2687-PR, 2008 WL 199846, at *3 (2nd Cir. Jan. 25, 2008).  This recent decision was not available to Judge Aspey when he prepared the R&R.

This Court finds the reasoning in *Diaz* persuasive.  The Court accordingly will return this matter to Judge Aspey to consider whether equitable tolling is available on the facts of this case.

**IT IS ORDERED:**

1.   The R&R (Dkt. #12) is **rejected** to the extent set forth in this order.

2.   The case is **referred** to Magistrate Judge Aspey for further proceedings.

DATED this 11th day of February, 2008.

*/s/ David G. Campbell*
_____
David G. Campbell
United States District Judge