**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Hernandez, | No. CV-07-1712-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Respondents. | |

Pending before the Court are a *pro se* petition for writ of habeas corpus filed by Omar Hernandez, a state prisoner, and a supplemental Report and Recommendation issued by United States Magistrate Judge Mark Aspey, recommending that the petition be denied as untimely ("R&R"). Dkt. #1, 15. Also pending are a motion for reconsideration filed by Respondents and a motion for a copy of the record filed by Petitioner. Dkt. ##11, 16. The Court will accept the R&R, deny the petition, and deny the motions.

**I.     The R&R and the Objections.**

On February 11, 2008, the Court entered an order rejecting the first R&R in part. Dkt. #14. The Court agreed that Petitioner had filed his petition after expiration of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that statutory tolling did not apply. Contrary to the first R&R, however, the Court concluded that equitable tolling was not foreclosed by a recent Supreme Court decision. The Court remanded for Judge Aspey to determine whether equitable tolling is available on the facts of this case. *Id.*

The supplemental R&R concludes that Petitioner is not entitled to equitable tolling of the statute of limitations. Dkt. #15. To justify equitable tolling, Petitioner must show that "'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)); *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Indeed, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation an alteration omitted).

Petitioner alleges that his inability to speak English and understand the legal system constitute extraordinary circumstances. Dkt. #15. Several circuits, including the Ninth, "have rejected a *per se* rule that a habeas petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). Judge Aspey concluded that Petitioner did not show that his lack of English language skills caused his untimely filing. Dkt. #15. Petitioner has filed an objection to this portion of the R&R. Dkt. #17.[1]

**II.   Discussion.**

In general, language barriers alone are not sufficient to trigger equitable tolling. *Mendoza*, 449 F.3d at 1070-71. The Ninth Circuit has held that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal

---

[1] Petitioner also argued before Judge Aspey that new evidence consisting of a line-up shows his actual innocence and satisfies the equitable tolling standard. Judge Aspey rejected this argument because Petitioner's line-up evidence was available to his counsel at trial. Dkt. #15. Petitioner does not object to this part of Judge Aspey's decision. Dkt. #17. The Court therefore will not address it. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1   materials in his own language or translation assistance from an inmate, library personnel, or
2   other source." *Id.* at 1070. Petitioner has not made this showing.

3   Petitioner does not assert that he was unable to obtain legal materials in Spanish or
4   translation assistance from an inmate or librarian. *See* Dkt. ##15, 17. Nor does Petitioner
5   attempt to demonstrate that he engaged in "diligent efforts" during the limitations period; he
6   does not identify the steps he took during the one-year AEDPA period to file a timely
7   petition. Dkt. ##13, 15, 17. Petitioner's showing does not approach the showing found
8   sufficient by the Ninth Circuit in *Mendoza*, where the petitioner submitted a declaration
9   detailing his diligent efforts during the one-year limitations period and forty-seven
10  declarations establishing the unavailability of Spanish-language legal materials and Spanish-
11  speaking prison librarians and law clerks. *Mendoza*, 449 F.3d at 1068.

12  Petitioner argues that he does not speak English, that some of his state filings were
13  untimely (which, he says, demonstrates that he does not understand the legal system), that
14  he tried to get help through several legal aid organizations (but they do not handle habeas
15  cases), and that he asked his attorneys to recommend someone who spoke Spanish, but they
16  did not. Dkt. #17. These assertions do not satisfy the high threshold for equitable tolling.
17  Petitioner's habeas petition was filed more than three years late. Dkt. #14. During that three-
18  year period Petitioner filed at least five state-court petitions. *Id.* Although most of these
19  petitions were untimely, they do show that petitioner was able to file legal petitions in
20  American courts. In fact, Petitioner filed his first state petition during the one-year AEDPA
21  limitations period, showing that he could obtain language assistance at that time. *Id.* In this
22  Court, Petitioner has filed three English-language legal memoranda in the last three months.
23  *See* Dkt. ##11, 13, 17. Petitioner does not explain why circumstances are different now than
24  they were during the one-year AEDPA limitations period. Dkt. ##13, 17.

25  Petitioner also asks this Court to grant equitable tolling because he was a minor when
26  his crime was committed and is uneducated. Dkt. #17. The Ninth Circuit has made clear,
27  however, "that equitable tolling is 'unavailable in most cases,' . . . and is appropriate only
28  'if extraordinary circumstances beyond a prisoner's control [made] it impossible to file a

- 3 -

1 petition on time.'" *Miranda*, 292 F.3d at 1066 (quoting *Miles v. Prunty*, 179 F.3d 1104, 1107
2 (9th Cir. 1999)). The Court is not persuaded that being a minor at the time of the crime made
3 it impossible for Petitioner to file a timely petition. Petitioner was not a minor when he was
4 convicted by a jury in May of 2003, nor when his AEDPA limitations period started to run
5 in 2004, nor during the more than three years he waited before filing his petition in this
6 Court. And the Ninth Circuit has held that a lack of education and ignorance of the law are
7 not extraordinary circumstances. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
8 2006); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

9 Petitioner also asserts that his attorney, the prosecutor, Sheriff Arpaio, and Director
10 Schriro have violated his Fifth, Sixth, and Fourteenth Amendment rights and have misled
11 him. Dkt. #17. But Petitioner provides no factual basis for these conclusory accusations and
12 fails to show any causal connection between the alleged actions and his untimely filing. *See*
13 *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *modified on other grounds by*, 447
14 F.3d 2265 (9th Cir. 2006); *Spitsyn*, 345 F.3d at 799. Petitioner also argues that he made
15 several motions in state court for copies of pre-trial disclosure and discovery to submit to this
16 Court, but he fails to demonstrate any causal connection between making these motions and
17 the untimely filing of his petition. *See Gaston*, 417 F.3d at 1034; *Spitsyn*, 345 F.3d at 799.

18 The Court concludes that Petitioner is not entitled to equitable tolling. His petition
19 will be dismissed as untimely.

20 **III.   Motion for a Copy of the Record.**

21 Petitioner asks the Court for a copy of the record in his case. Dkt. #11. Petitioner
22 does not argue the record is necessary to establish a claim of equitable tolling. *Id.* The Court
23 will deny Petitioner's motion.

24 **IV.   Motion for Reconsideration.**

25 Respondents ask the Court to reconsider its decision that *Bowles v. Russell*, 127 S.Ct.
26 2360 (2007), does not eliminate the doctrine of equitable tolling in federal habeas cases.
27 Courts in this district have identified four circumstances where a motion for reconsideration
28 will be granted: (1) the moving party has discovered material differences in fact or law from

those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Respondents have not established any of these circumstances.

**IT IS ORDERED:**

1. The R&R (Dkt. #15) is **accepted**.
2. The petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. Petitioner's motion for a copy of the record (Dkt. #11) is **denied**.
4. Respondent's motion for reconsideration (Dkt. #16) is **denied**.
5. The Clerk shall **terminate** this action.

DATED this 1st day of April, 2008.

David G. Campbell
United States District Judge